IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Ella Mae Jones and Albertina Jones, ) | Civil Action No. 4:07-cv-00786-TLW-TER |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ANSWER OF DEFENDANTS CMH** |
| ) | **HOMES, INC. AND VANDERBILT** |
| Vanderbilt Mortgage & Finance, Inc., ) | **MORTGAGE AND FINANCE, INC.** |
| CMH Homes, Inc. and American Bankers ) | |
| Insurance Co. of Florida, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant, CMH Homes, Inc., (hereinafter referred to as "CMH") and Vanderbilt Mortgage & Finance, Inc. (hereinafter referred to as "VMF"), expressly reserving the right to require this dispute to be submitted to binding arbitration, submit their Answers in response to Plaintiffs' Amended Complaint and would respectfully show unto the Court:

**FOR A FIRST DEFENSE**

1. Every allegation not specifically admitted herein is denied and demand strict proof thereof.

2. Upon information and belief, CMH and VMF admit the allegations contained in Paragraph 1.

3. In response to Paragraph 2, CMH admits that it is a Tennessee corporation with its principal office located at 5000 Clayton Road, Maryville, Tennessee 37804, and that it is engaged in selling manufactured homes through sales centers throughout the United States. To the extent the remaining portions of Paragraph

2 contain allegations against CMH and VMF, CMH and VMF deny those remaining allegations contained in Paragraph 2 of the Amended Complaint.

4. In response to Paragraph 3, VMF admits that it is a Tennessee corporation with its principal office located at 500 Alcoa Trail, Maryville, Tennessee 37804, and that it is engaged in the lending business. To the extent the remaining portions of Paragraph 3 contain allegations against CMH and VMF, CMH and VMF deny those remaining allegations contained in Paragraph 3 of the Amended Complaint.

5. Upon information and belief, CMH and VMF admit the allegations contained in Paragraph 4 of the Amended Complaint.

6. In response to Paragraph 5, CMH and VMF state that jurisdiction and venue are proper with this Court because Plaintiffs' allegations seek actual and punitive damages and therefore meet the amount in controversy requirement and CMH and VMF are citizens of the state of Tennessee.

7. In response to Paragraph 6, CMH and VMF seek reference to the legal documents for the property identified by Plaintiffs and deny any allegations inconsistent with those documents. Furthermore, CMH and VMF deny all remaining allegations, if any, not responded to in the preceding sentence.

8. In response to Paragraph 7, CMH admits that it is a Tennessee corporation with its principal office located at 5000 Clayton Road, Maryville, Tennessee 37804, and that it is engaged in selling manufactured homes through sales centers throughout the United States. CMH and VMF deny the remaining allegations contained in Paragraph 7 of the Amended Complaint.

9. In response to Paragraph 8, VMF admits that it is a Tennessee corporation with its principal office located at 500 Alcoa Trail, Maryville, Tennessee 37804, and that it is engaged in the lending business. CMH and VMF deny the remaining allegations contained in Paragraph 8 of the Amended Complaint.

10. Upon information and belief, CMH and VMF admit the allegations contained in Paragraph 9 of the Amended Complaint.

11. In response to Paragraph 10, CMH and VMF seek reference to the loan documents identified by Plaintiffs and deny any allegations inconsistent with those documents. Furthermore, CMH and VMF deny all remaining allegations, if any, not responded to in the preceding sentence and demand strict proof thereof.

12. In response to Paragraph 11, CMH and VMF seek reference to the loan documents identified by Plaintiffs and deny any allegations inconsistent with those documents. Furthermore, CMH and VMF deny all remaining allegations, if any, not responded to in the preceding sentence and demand strict proof thereof.

13. In response to Paragraph 12, CMH and VMF seek reference to the loan documents identified by Plaintiffs and deny any allegations inconsistent with those documents. Furthermore, CMH and VMF deny all remaining allegations, if any, not responded to in the preceding sentence and demand strict proof thereof.

14. In response to Paragraph 13, CMH and VMF seek reference to the loan documents identified by Plaintiffs and deny any allegations inconsistent with

those documents. Furthermore, CMH and VMF deny all remaining allegations, if any, not responded to in the preceding sentence and demand strict proof thereof.

15. In response to Paragraph 14, CMH and VMF seek reference to the legal documents identified by Plaintiff and deny any allegations inconsistent with those documents. Furthermore, CMH and VMF deny all remaining allegations, if any, not responded to in the preceding sentence and demand strict proof thereof.

16. CMH and VMF deny the allegations in Paragraph 15 and demand strict proof thereof.

17. CMH and VMF deny the allegations in Paragraph 16 and demand strict proof thereof.

18. CMH and VMF are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Amended Complaint and, therefore, deny the same and demand strict proof thereof.

19. CMH and VMF are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Amended Complaint and, therefore, deny the same and demand strict proof thereof.

20. CMH and VMF are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Amended Complaint and, therefore, deny the same and demand strict proof thereof.

21. To the extent Paragraph 20 could be construed to state claims against CMH and VMF, CMH and VMF deny the allegations in Paragraph 20 and demand strict proof thereof.

22. To the extent Paragraph 21 could be construed to state claims against CMH and VMF, CMH and VMF deny the allegations in Paragraph 21 and demand strict proof thereof.

23. CMH and VMF are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Amended Complaint and, therefore, deny the same and demand strict proof thereof.

24. CMH and VMF are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Amended Complaint and, therefore, deny the same and demand strict proof thereof.

**FOR A FIRST DEFENSE TO**
**THE FIRST CAUSE OF ACTION**

25. In response to Paragraph 24, CMH and VMF incorporate and re-allege their responses to the preceding paragraphs.

26. CMH and VMF deny the allegations in Paragraphs 25, 26 and 27 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO**
**THE SECOND CAUSE OF ACTION**

27. In response to Paragraph 28, CMH and VMF incorporate and re-allege their responses to the preceding paragraphs.

28. CMH and VMF deny the allegations in Paragraphs 29, 30, 31 and 32 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO**
**THE THIRD CAUSE OF ACTION**

29. In response to Paragraph 33, CMH and VMF incorporate and re-allege their responses to the preceding paragraphs.

30. CMH and VMF deny the allegations in Paragraphs 34, 35, and 36 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO**
**THE FOURTH CAUSE OF ACTION**

31. In response to Paragraph 37, CMH and VMF incorporate and re-alleges their responses to the preceding paragraphs.

32. CMH and VMF deny the allegations in Paragraph 38 and demand strict proof thereof.

33. Upon information and belief, CMH and VMF deny the allegations in Paragraph 39 and demand strict proof thereof.

34. CMH and VMF deny the allegations in Paragraph 40 and demand strict proof thereof.

35. CMH and VMF deny the allegations in Paragraphs 41, 42, 43, and 44 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO**
**THE FIFTH CAUSE OF ACTION**

36. In response to Paragraph 45, CMH and VMF incorporate and re-alleges their responses to the preceding paragraphs.

37. To the extent the allegations contained in Paragraph 46 could be construed to contain allegations against CMH and VMF, CMH and VMF deny the allegations in Paragraph 46 and demand strict proof thereof.

38. To the extent the allegations contained in Paragraph 47 could be construed to contain allegations against CMH and VMF, CMH and VMF deny the allegations in Paragraph 47 and demand strict proof thereof.

39. To the extent the allegations contained in Paragraph 48 could be construed to contain allegations against CMH and VMF, CMH and VMF deny the allegations in Paragraph 48 and demand strict proof thereof.

40. To the extent the allegations contained in Paragraph 49 could be construed to contain allegations against CMH and VMF, CMH and VMF deny the allegations in Paragraph 49 and demand strict proof thereof.

41. CMH and VMF deny the allegations in Paragraph 50 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO
THE SIXTH CAUSE OF ACTION**

42. In response to Paragraph 51, CMH and VMF incorporate and re-alleges their responses to the preceding paragraphs.

43. CMH and VMF deny the allegations in Paragraphs 52 and 53 and demand strict proof thereof.

**FOR A FIRST DEFENSE TO
THE SEVENTH CAUSE OF ACTION**

44. In response to Paragraph 54, CMH and VMF incorporate and re-alleges their responses to the preceding paragraphs.

45. CMH and VMF deny the allegations in Paragraph 55 and demand strict proof thereof.

46. CHM and VMF deny the allegations in Paragraph 56, including its subparts and demand strict proof thereof.

47. CMH and VMF deny the allegations in Paragraphs 57 and 58 and demand strict proof thereof.

48. CMH and VMF deny the unnumbered paragraph and prayer for relief starting with "WHEREFORE" immediately following Paragraph 58 and demand strict proof thereof.

## FOR A SECOND DEFENSE

49. The Amended Complaint fails, in whole and/or in part, to state facts sufficient to constitute a cause of action and, therefore, Plaintiffs may not recover against CMH and VMF.

## FOR A THIRD DEFENSE

50. Upon information and belief, Plaintiffs' claims are subject to an enforceable arbitration agreement that requires the present dispute to be submitted to binding arbitration, and, therefore, the Plaintiffs' claims must be dismissed. The provisions of said arbitration agreement are incorporated herein by reference.

## FOR A FOURTH DEFENSE

51. Any damages allegedly sustained by Plaintiffs, which are denied, were only caused by the acts or omissions of entities or persons other than CMH and VMF, which acts or omissions constitute the intervening and superseding cause of the Plaintiffs' alleged damages and bar the claims against CMH and VMF.

## FOR A FIFTH DEFENSE

52. Plaintiffs' claims are barred by the doctrines of release, *res judicata*, waiver, consent, set-off, judicial estoppel and/or collateral estoppel.

## FOR A SIXTH DEFENSE

53. The Plaintiffs' claims are barred by their own negligence or indifference.

## FOR A SEVENTH DEFENSE

54. The Plaintiffs are barred from a recovery in this case because of their failure to mitigate their damages.

## FOR AN EIGHTH DEFENSE

55. The Plaintiffs are barred from recovery in this case because they failed to state with particularity the defects justifying rejection of the goods at issue or revoking their acceptance of the good at issue as required by statute.

## FOR A NINTH DEFENSE

56. Plaintiffs' unfair trade practices claim is barred because regulated industries are excluded from the Unfair Trade Practices Act's scope.

## FOR A TENTH DEFENSE

57. CMH and VMF would show that any actions taken by CMH and VMF and/or procedures followed by CMH and VMF concerning Plaintiffs were taken in good faith, in a reasonable manner, and that said actions and/or procedures were authorized by law or contract, reasonable in time and manner, and Plaintiffs are therefore precluded from recovery against CMH and VMF.

**FOR AN ELEVENTH DEFENSE**

58. CMH and VMF would show that Plaintiffs' claims are barred by the express terms of the contract.

**FOR A TWELFTH DEFENSE**

59. The Plaintiffs are not entitled to an award of punitive damages because such damages violate the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:

   (a) the judiciary's ability to correct a punitive damage award at the appellate level only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

   (b) An award of punitive damages must strictly comply with the guidelines set forth in *State Farm Mutual Automobile Insurance Company v. Campbell*, and the failure to do so renders any such award unconstitutional;

   (c) any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

   (d) to the extent an award of punitive damages is excessive, such award violates due process guarantees;

   (e) the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

   (f) even if it could be argued that a standard governing imposition of punitive damages exists, the standard is void for vagueness; and

   (g) the Plaintiffs' claim for punitive damages violates the Due Process Claus and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth and status of Household.

60. WHEREFORE, having fully answered the Amended Complaint of the Plaintiffs, CMH and VMF pray that the Amended Complaint be dismissed, with

prejudice, and for such other and further relief as the Court may deem just and proper.

          NELSON MULLINS RILEY &
          SCARBOROUGH, LLP

          By:    /s/A. Mattison Bogan
                  Federal Bar No. 9826
                  B. Rush Smith III
                  Federal Bar No. 5031
                  1320 Main Street / 17th Floor
                  Columbia, South Carolina 29201
                  (803) 799-2000

          Attorneys for Defendants Vanderbilt
          Mortgage & Finance, Inc. and CMH Homes,
          Inc.

August 20, 2007
Columbia, South Carolina